UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>NOAH PATRICK FIELDS,<br><br>Defendant(s). | Case No. 2:16-CR-363 JCM (GWF)<br><br>ORDER |

Presently before the court is petitioner Noah Patrick Fields' motion to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 40). The government filed no response, and the time to do so has passed.

**I.    Background**

Petitioner is currently incarcerated in Victorville USP. (ECF No. 40). On May 15, 2017, petitioner pled guilty to 1) aiding and abetting Hobbs Act robbery ("count one"), and 2) use of a firearm during and in relation to "a crime of violence," specifically the aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A) ("count two"). (ECF Nos. 26, 28, 29).

On August 24, 2017, this court sentenced petitioner to 51 months of imprisonment on count one and a consecutive sentence of 84 months imprisonment on count two. (ECF Nos. 31, 33). Petitioner was also sentenced to a 5-year term of supervised release. (*Id.*).

In light of the intervening change in law of *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*"), petitioner seeks the vacatur of his § 924(c) conviction under 28 U.S.C. § 2255(a).

**II.    Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental

**James C. Mahan**
**U.S. District Judge**

defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions exist because the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Furthermore, a petitioner's claims are procedurally barred if they could have been raised on direct appeal are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). However, procedural default is excused if the defendant can show cause *and* prejudice, or actual innocence. *Id.*

**III.   Discussion**

This court grants petitioner's timely motion. Per the local rules, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." LCR 47-3. On June 24, 2020, this court set a scheduling order with a response deadline of July 15, 2020. (ECF No. 41). The government has not responded.

Furthermore, this court has reviewed the record in this matter and finds petitioner's motion meritorious. On June 24, 2019, the Supreme Court held in *Davis* that § 924(c)'s residual clause is unconstitutionally vague in violation of the Due Process Clause. 139 S. Ct. 2319 (2019). In light of *Davis*, the crime of "aiding and abetting Hobbs Act robbery"—as charged in count one—categorically fails to qualify as a "crime of violence." Thus, petitioner's conviction under count two cannot be sustained due to the fundamental defect uncovered by the foregoing substantive change in law. *See Davis v. United States*, 417 U.S. 333, 345 (1974) (ruling that relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice"); *see also Teague v. Lane*, 489 U.S. 288 (1989) (applying decisions retroactively to cases on collateral review if "substantive").

Without a hearing, this court vacates petitioner's conviction of 84 months imprisonment for count two and reimposes the same prior sentence of 51 months of imprisonment for count one along with a supervised release term of 5 years.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 40) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that petitioner's consecutive sentence of 84 months imprisonment for count two—use of a firearm during and in relation to "a crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)—(ECF No. 33) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that petitioner's consecutive sentence of 51 months imprisonment and supervised release term of 5 years for count one—aiding and abetting Hobbs Act robbery—(ECF No. 33) be, and the same hereby is, REINSTATED.

DATED July 29, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**