1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

7

8

9

10

11

UNITED STATES OF AMERICA,

                    Plaintiff(s),

    v.

NOAH PATRICK FIELDS,

                  Defendant(s).

Case No. 2:16-CR-363 JCM (GWF)

ORDER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

      Presently before the court is the government's motion to reconsider the court's denial of compassionate release. (ECF No. 44). Petitioner Noah Patrick Fields responded, (ECF No. 45), to which the government replied, (ECF No. 46).

      On July 29, 2020, this court granted petitioner's motion to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 42). Having seen no response from the government in over two weeks after its deadline, this court granted petitioner's motion under local rule LCR 47-3. (*Id.*). "The failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." LCR 47-3. While the order briefly discussed the merits of petitioner's claim as related to *Davis*, this court makes clear that its decision was wholly for the government's lack of response. (ECF No. 42).

      Now, the government moves to reconsider this court's order and judgment under Rule 60(b) for counsel's "inadvertence and excusable neglect." (ECF No. 44); Fed. R. Civ. P. 60(b).[1]

26

27

28

---

[1] "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Mendez*, 2008 WL 2561962, at \*2 (C.D. Cal. June 25, 2008); *see also United States v. Martin,* 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) ("As the Second Circuit noted in *United States v. Clark,* post-judgment motions for reconsideration may be filed in criminal cases").

**James C. Mahan**
**U.S. District Judge**

1   The government concedes that it had not calendared the deadline, accepting responsibility for

2   that error.  (ECF Nos. 44, 46).

3        "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil

4   Procedure are addressed to the sound discretion of the district court." *Allmerica Fin. Life Ins. &*

5   *Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997).  This court considers "[a]t least . . .

6   '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential

7   impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in

8   good faith.' . . . In some circumstances, the prejudice a denial would cause to the movant must

9   also be considered, but it is not a factor that must be assessed 'in each and every case.'" *S.E.C. v.*

10  *Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010).

11       These factors weigh against relief and reconsideration.  The government characterizes its

12  tardiness as "*only* by 15 days"—15 full days after the response deadline.  (ECF No. 44 (emphasis

13  added)).  Before the response deadline, the government had 21 days to respond.  (ECF No. 41).

14  This court was clear in its scheduling order "respondent shall file a response . . . no later than 21

15  days from the date of this order."  (*Id.*).  Any additional days—let alone weeks—beyond that

16  deadline was to the government's benefit.  Furthermore, the government's reason for delay—the

17  increased workload from *Rehaif*, *Davis*, and COVID-19—impacts both the United States

18  attorney's office and the federal public defender's office.  (ECF No. 46).  This court will not

19  begin to discuss the resources of counsels' organizations.  (ECF Nos. 45, 46).  Here, the parties

20  agree that the government was afforded its usual notice of petitioner's motion and this court's

21  scheduling order; "human error," while understandable, was not excusable.  (ECF No. 46).

22       To any extent that counsel's neglect is excusable, it is far outweighed by prejudice to the

23  petitioner whose liberty is at stake.  The Bureau of Prisons has already recalculated petitioner's

24  release date to August 13, 2020.  (ECF No. 45).

25       The government's motion is denied.

26  . . .

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion

3  for relief and reconsideration (ECF No. 42) be, and the same hereby is, DENIED.

4    DATED August 10, 2020.

5    _____

6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -